## Henry L. Glos, et al. v. John G. Shedd.

### Gen. No. 11,485.

1. FREEHOLD—*when involved.* A bill to remove a tax deed as a cloud upon the title to real estate, involves a freehold, and this notwithstanding the appellant by his brief waives all questions in the case which pertain to the matter of freehold.

2. JURISDICTION—*when cannot be conferred upon Appellate Court.* A party cannot by waiving all those questions which pertain to a freehold involved in the case and arguing simply the question of practice therein, confer upon the Appellate Court jurisdiction to hear and determine the cause.

Bill to remove cloud. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Appeal dismissed. Opinion filed February 10, 1905. Rehearing denied March 14, 1905.

ENOCH J. PRICE, for appellants.

JAMES R. WARD, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellee Shedd filed his bill in the Circuit Court of Cook County against appellant Glos to set aside, as a cloud upon his title, a tax deed on certain real estate in Chicago. As finally amended, the bill alleges that appellee acquired title to the property by deed from George R. Elliott, who obtained title to the property in 1891, and paid all taxes and assessments thereon until he conveyed to appellee, including the general taxes for 1895. Appellee alleges that nevertheless the premises were sold to appellant Glos for non-payment of the 1895 taxes, and that on May 5, 1899, a tax deed was issued to Glos and was duly recorded; and that the deed is void. Appellee prays that the tax proceedings and deed be declared void, and be set aside, and offers to pay whatever amount he is bound to pay as a condition to the relief asked.

Appellant R. S. Barber, to whom Glos conveyed the property, was made a party defendant to the bill, and

appeared and filed objections to the master's report by the same solicitor who appeared for Glos.

The decree sets aside the tax deed, without ordering the repayment of any money to either defendant, and taxes all costs against the defendant Glos.    Both defendants assign errors separately in this court.

Appellee Shedd moves the court to dismiss this appeal on the ground that a freehold is involved.

Appellants in their brief and argument say that they do not defend the tax deed as a valid conveyance, and therefore they bring their appeal to this court, rather than to the Supreme Court.    At the close of their argument they say: "In any view that may be taken of the record the decree must be reversed."

The order of the Circuit Court granting an appeal to this court at the request of appellants, and the approval of the appeal bond, were judicial acts, and operated to stay the decree and all proceedings under it until the appeal should be disposed of in this court.    A party may not appeal from a decree involving a freehold, to this court, and then, waiving all questions relating to the freehold, present, as appellants seek to do here, subsidiary questions of practice and proceeding to this court for determination.    The question of jurisdiction is fundamental.    If this court is without jurisdiction in the case, it cannot hear and determine any question in the case.    That a freehold is involved in the decree in this case, there can be no doubt.    Indeed, appellants' counsel concedes the proposition, but seeks to avoid the question of jurisdiction in this court by waiving in his brief and argument all questions as to the validity of the deed.    He seeks to raise only the questions of reimbursement for money paid under the tax sales, and the correctness of the decree for costs, upon the ground that they are questions of practice.

We are unable to assent to appellants' contentions.    The questions of reimbursement for money paid under the tax sales and the question of costs are not mere questions of practice, but relate to the merits of the matter involved

and the decree.   These questions cannot be reviewed without reviewing the whole decree.   These are not matters' wholly independent of the relief granted, but are necessarily connected with it.   These matters are so closely connected with the equities of the decree that if they should be determined in favor of appellants they should be embodied in the decree as conditions to the main relief granted.   Hence, if appellants' contentions are sound, the decree, as an entirety, would have to be reversed, as suggested by counsel for appellants.

This appeal therefore must be dismissed.

*Appeal dismissed.*